**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC D/B/A GENESIS DIAGNOSTICS, | : | |
| Plaintiff, | : : | CIVIL ACTION No. 2:19-cv-05090-AB |
| v. | : : | |
| JOHNS HOPKINS HEALTHCARE LLC, | : | |
| Defendant. | : | |

**July 7, 2020**                                                                                                   **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis") brings this action against health insurer Defendant Johns Hopkins Healthcare LLC ("JHHC") for violations of the Employee Retirement Income Security Act of 1975 ("ERISA") and Pennsylvania law. Genesis alleges that JHHC failed to appropriately pay Genesis for services rendered to members insured by JHHC ("JHHC Members") and to implement reasonable claims procedures. JHHC moves to dismiss this suit for lack of personal jurisdiction. In the alternative, JHHC moves to dismiss the action for failure to state a claim on which relief can be granted and lack of standing. For the below reasons, I will grant JHHC's motion to dismiss for lack of personal jurisdiction.[1]

## I. BACKGROUND[2]

Defendant JHHC is a Maryland limited liability company that administers insurance for

---

[1] Because this Court does not exercise personal jurisdiction over JHHC, I will not discuss JHHC's alternative arguments for failure to state a claim and lack of standing.

[2] "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (citation omitted). The facts are taken from the Complaint and the evidence presented by the parties.

self-funded employer health plans sponsored by Maryland employers. Decl. Kyle Marmen ¶¶ 2, 4 [hereinafter Marmen Decl.], ECF No. 7, Ex. A; Compl. ¶¶ 7-8, ECF No. 1. JHHC maintains its principal place of business and is incorporated in Maryland. Marmen Decl. ¶ 2. It is not registered to do business in Pennsylvania. *See* Pl.'s Reply Br. 6, ECF No. 12 (alleging that *other* Johns Hopkins affiliates are registered to do business in Pennsylvania). JHHC provides JHHC Members with health care services mostly through "In-Network Providers" who have contracted with JHHC to render care on a fixed-fee basis. Compl. ¶ 16. Services may also be rendered through "Out-of-Network Providers" who are not contractually bound by JHHC's fixed-fee schedule, but are instead reimbursed by JHHC at the usual, customary, and reasonable rates for services provided. *Id.* ¶ 17. Some of these "Out-of-Network Providers" are not located within the State of Maryland. Pl.'s Reply Br., Ex. 1(a).

Plaintiff Genesis is one such "Out-of-Network Provider" that offers medical laboratory testing services to JHHC members. Compl. ¶¶ 5-6. Genesis is a foreign limited liability company registered to do business in Pennsylvania and with its principal place of business in Pennsylvania. *Id.* ¶ 5; Decl. Elliott H. Vernon ¶ 3 [hereinafter Vernon Decl.], ECF No. 12-2. Genesis provides laboratory testing services to JHHC Members when JHHC members give their laboratory specimens to their medical service providers, and the medical service providers send the specimens to Genesis's facility in Langhorne, PA. Vernon Decl. ¶ 8. Genesis subsequently sends the laboratory testing results back to the service provider. *Id.* Genesis has provided laboratory services to JHHC Members for several years. *Id.* ¶ 13.

From 2016 to 2018, Genesis submitted claims to JHHC for services rendered to JHHC Members. JHHC failed to pay the balance on forty-nine claims. *See, e.g.*, Compl. ¶¶ 20, 27, Ex. A. Genesis alleges that "JHHC's failure to implement and maintain reasonable claims

procedures and its failure to reimburse Plaintiff for services rendered to JHHC Members constitutes a violation of federal law, including ERISA, Pennsylvania law, and the contractual, fiduciary, and other obligations owed by JHHC to its Members." Compl. ¶ 3.

## II. DISCUSSION

JHHC moves to dismiss this suit for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, JHHC moves to dismiss the action for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

### A. Personal Jurisdiction

If a defendant moves to dismiss a lawsuit for lack of personal jurisdiction under Rule 12(b)(2), then the plaintiff bears the burden of demonstrating the facts that establish jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (citation omitted); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Pennsylvania's long-arm statute provides for jurisdiction "based on the most

minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b).  Accordingly, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of [Pennsylvania's] authority to proceed against a defendant."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).  In order for a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant "have certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).  "As th[e] Court has increasingly trained on the 'relationship among the defendant, the forum, and the litigation,' *i.e.*, specific jurisdiction, general jurisdiction has come to occupy a less dominant place in the contemporary scheme." *Daimler*, 571 U.S. at 132-33 (footnote omitted) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

JHHC moves to dismiss for lack of personal jurisdiction.  Genesis contends that this Court has both general jurisdiction and specific jurisdiction over JHHC.

### 1. General Jurisdiction

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137.  "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919.  The paradigm forums, in

which a corporation is reasonably regarded as at home, are the place of incorporation and the principal place of business. *Daimler*, 571 U.S. at 137. "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 139 n.19). However, "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . , is unacceptably grasping." *Daimler*, 571 U.S. at 138 (internal quotation marks omitted). "The Fourteenth Amendment due process constraint described in *Daimler* . . . applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." *Tyrrell*, 137 S. Ct. at 1558–59.

JHHC is not incorporated in Pennsylvania and does not have its principal place of business in Pennsylvania. Genesis contends that this Court has general jurisdiction over JHHC because JHHC has continuous and systematic contacts with Pennsylvania via its affiliates that engage in business in Pennsylvania. *Daimler* establishes, however, that engaging in a substantial, continuous, and systematic course of business is insufficient to establish general jurisdiction. A court may only assert general jurisdiction in a forum in which the corporation is regarded as home—typically, the place of incorporation or the principal place of business.[3] Genesis does not argue that this is an exceptional case in which JHHC's operations in Pennsylvania are so substantial and important as to render it at home in Pennsylvania. Nor does it allege that JHHC is merely an alter ego of the Johns Hopkins affiliates that are registered as foreign corporations in Pennsylvania, or that there is any reason not to treat them as distinct

---

[3] In Pennsylvania, a corporation or LLC registered as a foreign corporation consents to jurisdiction. *See Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 3129147, at *10-11 (E.D. Pa. July 24, 2017). JHHC is not registered as a foreign LLC, however.

entities.  *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018) (describing alter ego theory of personal jurisdiction). Because JHHC is not incorporated in Pennsylvania and does not have its principal place of business in Pennsylvania, it is not at home in Pennsylvania. Accordingly, this Court lacks general jurisdiction over JHHC.

### 2. Specific Jurisdiction

The analysis of whether a forum state has sufficient minimum contacts to exercise specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'"  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer*, 433 U.S. at 204).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  The minimum contacts necessary to create specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  The contacts must not be "based on the 'random, fortuitous, or attenuated' contacts [the defendant] makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475). "[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." *Id.* (citation omitted). Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (internal quotation marks omitted).

A plaintiff must establish three key elements to show that a court has specific personal

jurisdiction over a defendant.  "First, the defendant must have 'purposefully directed [its] activities' at the forum."  *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472).  "Second, the litigation must 'arise out of or relate to' at least one of those activities."  *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  Third, "a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"  *Id.* (quoting *Burger King*, 471 U.S. at 476).

While a court usually determines specific jurisdiction on a claim-by-claim basis, claim specific analysis may not be necessary "for certain factually overlapping claims."  *O'Connor*, 496 F.3d at 317 n.3; *see also Bhd. of Locomotive Eng'rs & Trainmen v. United Transp. Union*, 413 F. Supp. 2d 410, 417 (E.D. Pa. 2005) ("[W]here the considerations in analyzing jurisdiction do not differ between particular claims, a claim specific analysis is not necessary.").  Because Genesis's claims all stem from the same conduct of JHHC failing to reimburse Genesis for JHHC Members' laboratory testing services, a claim-specific analysis is not necessary.

### a. Purposeful Availment

The threshold inquiry is whether a defendant "purposefully avails itself of the privilege of conducting activities within the forum State."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Physical presence in the forum is not required, "[b]ut what is necessary is a deliberate targeting of the forum."  *O'Connor*, 496 F.3d at 317.  In determining whether a defendant has sufficient contacts with the forum, the "unilateral activity of another party or a third person is not an appropriate consideration."  *Helicopteros*, 466 U.S. at 417.  "Courts should be careful to avoid mistaking a plaintiff's, or other individual's, contacts with the out-of-state defendant for evidence of the defendant's 'reaching out' into the forum."  *Goodway Grp. v. Sklerov*, No. 18-0900, 2018 U.S. Dist. LEXIS 137599, at *10 (E.D. Pa. Aug. 15, 2018).

In this case, Genesis contends that this Court has specific jurisdiction over JHHC because (1) JHHC's Members' physicians were allowed to solicit Genesis's out-of-network laboratory testing services in Pennsylvania, and (2) JHHC routinely paid a portion of Genesis's claims. Pl.'s Reply Br. 17-18.

In *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, the Third Circuit held that a Pennsylvania court lacked personal jurisdiction over a California corporation that executed an agreement with a Pennsylvania plaintiff, but did not initiate the business relationship with the plaintiff. 75 F.3d 147, 149 (3d Cir. 1996). The agreement was negotiated and executed in California, although the defendant had made telephone calls to the plaintiff's office in Pennsylvania. *Id.* The Third Circuit held that the defendant did not purposefully avail itself of the privilege of conducting business in the forum because the only contacts it had were telephone calls and letters written to the plaintiff in Pennsylvania. *Id.* at 152. Furthermore, the defendant did not initiate the business relationship with the plaintiff in the forum state; it "was merely a 'passive buyer'" of the plaintiff's product. *Id.* The Third Circuit recognized that "informational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." *Id.* at 152 (quoting *Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 32 (3d Cir. 1993)).

In a case with facts even closer to the ones here, the Fifth Circuit held that a Louisiana court lacked personal jurisdiction over a foreign insurance company whose insured members sought treatment from the plaintiffs, medical services providers, in Louisiana. *Choice Healthcare, Inc. v. Kaiser Found. Health Plan*, 615 F.3d 364, 366-67 (5th Cir. 2010). As here, the insurance company paid the plaintiff in the forum state for a limited number of claims for

rendering services to the insurance company's insured members.  *Id.* at 369.  The Fifth Circuit held that the insurance company's "payment of a limited number of claims for treatment of [the insurance company's] insureds, based on the *unilateral decisions of those insureds* who sought treatment in Louisiana, does not establish purposeful contact." *Id.* at 369-70 (emphasis added). The court found that the insurance company "was not attempting to expand sales to Louisiana or otherwise develop commercial activity in Louisiana." *Id.* at 370.  Courts in this circuit have also found that sending payments to the forum state alone, where the contract was not negotiated or executed there, does not constitute "purposeful availment."  *See, e.g.*, *Cintron Beverage Grp., LLP v. Aoun*, No. CIV.A. 10-3439, 2011 WL 3156584, at *3 (E.D. Pa. July 26, 2011) ("The Court cannot find, particularly in the absence of a long-term written agreement, that merely remitting payment to a location unilaterally selected by [plaintiff] in response to invoices is sufficient to confer jurisdiction."); *In re Diet Drugs Prod. Liab. Litig.*, No. 09-20008, 2010 WL 2264869, at *4 (E.D. Pa. June 4, 2010) ("Mailing benefit payments to claimants [in the forum state] does not rise to the level of 'purposeful availment.'").

      The fact that JHHC Members' physicians solicited Genesis's out-of-network laboratory testing services fails to establish sufficient minimum contacts for specific jurisdiction.  Rather than deliberately targeting the forum state, JHHC merely allowed JHHC Members to choose physicians who, in turn, chose to send members' specimens to Genesis for laboratory testing services in Pennsylvania.  The deliberate contact with Pennsylvania was two degrees removed from JHHC itself.  Just as in *Vetrotex*, JHHC did not initiate a business relationship with Genesis.  JHHC did not have a contract with Genesis.  Furthermore, Genesis presents no evidence that JHHC was attempting to expand its commercial activity into Pennsylvania. Instead, JHHC's contacts with Pennsylvania are a result of the "unilateral activity of another

party," its insured members' physicians, and "is not an appropriate consideration." *Helicopteros*, 466 U.S. at 417.

The fact that JHHC routinely paid a portion of Genesis's claims also fails to establish sufficient minimum contacts for specific jurisdiction purposes. In *Choice Healthcare v. Kaiser*, the insurer's payments were based on the "unilateral decisions of those insureds who sought treatment in" the forum state. 615 F.3d at 369. Here, the defendant's connection to the forum state is even more attenuated: JHHC's payments to Genesis for some claims were based on the unilateral activity of JHHC Members' *physicians*. JHHC Members did not even physically go to Pennsylvania for health care services, as the insured members in *Choice Healthcare* did. There is no evidence that JHHC gave Genesis approval prior to rendering laboratory services for JHHC Members. The payments were not the result of a contract that JHHC deliberately reached out to a Pennsylvania entity to negotiate and execute. Thus, JHHC did not purposefully avail itself of the privileges of conducting activities within Pennsylvania and this Court cannot exercise specific jurisdiction over JHHC.[4]

## V. CONCLUSION

For the reasons set forth above, I will grant JHHC's motion to dismiss for lack of personal jurisdiction.

                                                 s/ ANITA B. BRODY, J.  
                                                 ANITA B. BRODY, J.

Copies **VIA ECF  07/07/2020**

---

[4] Because JHHC does not satisfy the threshold purposeful availment requirement to establish personal jurisdiction, I will not discuss the remaining requirements.